Jane E. Taylor, etc. v. James M. Moskow, et al. Good morning. My name is Paul Chomko on behalf of the appellant, Jane E. Taylor. Your Honors, there were some developments subsequent to the primary appellant's brief in this matter, but prior to the appellee's brief, the plaintiffs have filed a new complaint derivatively on behalf of the two LLCs. They have also made efforts and actually obtained a vote from the other members of the LLCs as to whether or not to proceed. So what I'd like to focus on is what has been lost, and that is the direct claims of Jane E. Taylor. Go ahead. Let me be sure I understand you. We have on this appeal two sets of claims. One are the direct claims of Ms. Taylor. That's correct. The other are her derivative claims, which, as I read the complaint, are derivative of her status in the trust. But you're telling us that the derivative claims have been repleted in a separate suit? That's correct, and that's been staged pending this appeal. Okay. So is there any need for us to decide that second set of issues? No. All right. You're willing to have that portion of the appeal dismissed? Yes. That's very helpful. The plaintiff's attorney, when the complaint was filed, it's acknowledged that Rule 23.1 was not complied with, which kind of stops it right there as far as the derivative case goes. As far as the direct claims, in the initial complaint, as acknowledged by the district court judge in dismissing the initial complaint, Janie Taylor alleges claims of fiduciary duty against James Moskow. The district court judge dismisses those claims for what I could best term inartfully worded allegations. What is acknowledged by the judge? Now, wait a minute. I'm not sure what you mean by the first complaint. Here's what I understand, and my understanding may be imperfect. Are you correct? You brought an initial suit in Ms. Taylor's name as an individual. That suit was dismissed, all right? You then brought a second suit, which is the suit that we're concerned with here, in which you made individual claims and derivative claims. The derivative claims were no longer concerned with. The individual claims brought in this suit were dismissed by Judge Saylor on the ground of race judicata, that there had been a prior adjudication. That's correct. Okay. And it's that ruling that you now seek to challenge. Yes, and I did appeal from both. Yes, you appealed from both halves, but there's no appeal pending from the very first suit that was brought. That was the first appeal. The dismissal of the first complaint was the first of the two consolidated appeals. The dismissal of the second complaint was the second. All right. And would I just like to focus on the first complaint, and what are you? I just want to make sure I understand what it is that we're dealing with. There's the direct claim and the race judicata ruling rejecting the direct claim. That's correct. Are you waiving every other issue on appeal besides that? The derivative claims I'm waiving, yes. Is there some other thing beyond the derivative claim that I should? There was direct claims. There was the derivative claims on behalf of the trust and as a direct member of the LLC, right? In this appeal, and all you're challenging is the race judicata ruling on the direct claim in her own personal behalf? I'm challenging not only the race judicata ruling, but the initial dismissal of her direct claims as well. Could you just flesh out what you mean by direct claims that we're not talking about? Sure. Ms. Taylor had made claims directly against James Moskow, and also claims which in the body of the initial complaint, she alleges harm to the LLCs, but she doesn't do so derivatively. But I'm focusing on those claims that Ms. Taylor brought where she says, Mr. Moskow harmed me. Okay. Not the harm to the LLCs. And what I'd like to point out is the reason that the judge dismissed the breach of fiduciary claim, for instance, he acknowledges that Mr. Moskow was both the trustee and manager of both the LLCs as well as the trusts, which Ms. Taylor belongs to. And the initial complaint goes on and on about these trusts and members of the LLCs and how Mr. Moskow diverted money from the LLCs while the trustee of Ms. Taylor's trust. So my argument is, if Mr. Moskow is the trustee of Jane Taylor's trusts, as acknowledged by the judge, and at the same time, those trusts belong to the LLCs, and he's, we'll call it stealing money from the LLCs, the judge says because Ms. Taylor does not specifically follow that line of reasoning in a separate account, that she doesn't have a direct claim for breach of fiduciary duty. I would say that given the standards, the judge certainly, and certainly the defendants in this case, were aware of what the plaintiff was claiming here. She's making claims directly against Mr. Moskow that as a trustee, he committed a breach of fiduciary duty. He stole money. And he did so not only as the manager of the LLCs, but as a trustee. So the other direct claims have to do with fraud. Again, the relationship is James Moskow, trustee, Jane Taylor, beneficiary. And those claims were dismissed based on the lack of specificity. And the standard is set forth in several different ways, but there's a four-part standard that the First Circuit follows. The who, what, when, and where. Those are all answered in the allegations. The who, we know the who, the who's the parties, the where, all occurred in Massachusetts. The when, at the time during those years when Mr. Moskow was the trustee of Jane Taylor's trust, as well as the manager of the LLCs. And the what, it's alleged that Mr. Moskow set up two phony corporations to siphon money away from the LLCs. That's an indirect harm to the trust that Ms. Taylor is part of. And the complaint does not make that connection in a separate count. But certainly looking at the four corners of the complaint, it's clear that that's the allegation that's being made. Therefore, I think it was an error to dismiss those direct claims. And that, therefore, the res judicata should not apply. That Ms. Taylor should be able to pursue those direct claims as well as the derivative claims. Thank you. Are there no other questions? Thank you. May it please the Court. My name is Charlotte Bednar and I appear today on behalf of the Defendant Appellees, James Moskow, JMB Group, LLC, and Black Oak Realty, LLC. If I may, I'd like to start just to clarify some of the procedural history of this case. There was a first complaint that was filed by Jane Taylor individually in or about March of 2013. That case was dismissed on October of 2013 for two reasons. One, Ms. Taylor did not have standing to assert the causes of action and damages she was claiming, because they were all inured to Sternwood Properties, LLC and Coolidge Properties, LLC. And secondly, it was dismissed because her negligent inflection of emotional damages claim failed to state a claim. That case was never appealed from. Instead, Ms. Taylor individually, and she also files, she styles it as having filed derivatively on behalf of the two Jane Taylor trusts. That second action is filed. And again in that action, what is alleged, the damages that are actually alleged in each of the counts, are damages allegedly to Sternwood, LLC, and Coolidge, LLC, and then also plaintiff individually, but the allegation is made in each of the counts that it is her individually as a member, a direct member of Sternwood. Your position is that that second complaint, insofar as it alleges a direct action for her, is barred by res judicata because of the judgment in the first case. Exactly. And Judge Saylor not only adopted that same position, but even though he reconsidered his original decision, he never wavered in saying that that portion of the case was barred by res judicata. Exactly, Your Honor. Jane Taylor's individual claims, any direct claims she might have had under this common nucleus of operative fact that is presented with the allegations of the defendants and their conduct with respect to Sternwood and Coolidge, and also any of those allegations in that nucleus of fact, those are barred. And in fact, on appeal and in fact in the lower court, those issues were waived. Defendants filed a motion to dismiss. Actually, two motions to dismiss were filed because the defendants were served at different times, but J&B Group, LC individually, and then Mr. Moscow and Black Oak Realty, when they filed their motions to dismiss, they raised the res judicata claim. They argued all three points of claim preclusion. The oppositions did not address that argument at all. In its discretion, the district court decided to re-evaluate the motion to vacate, but has held fast to the finding that Jane Taylor's direct claims, if she ever had any with respect to these allegations, are barred. And this was not challenged in Jane Taylor's appellate briefs either. And so we have argued in our brief that, again, any claim preclusion arguments for Jane Taylor to have any kind of direct claim or any individual claim with respect to these common facts that are the same, almost identical in the first and second complaint, is forever barred. And we don't think that that has been challenged at all in this appeal and could be resurrected at this time. I would also like to point out that even upon reconsideration, the district courts, actually their second dismissal of the case that we're talking about now, which was the second complaint, but there were two dismissals of the second complaint. And in that second order and judgment dismissing this complaint, it was not only the fact that Ms. Taylor would now concede the derivative claims on appeal doesn't address the fact that the court also held that for all four counts of this complaint, all those claims failed to allege a critical element of each of those claims, which is injury to the actual plaintiff. So the problem we have is that the conduct that's alleged and the actual damages and remedy that's sought are for Stornwood and Coolidge. And that's very clear through the complaints. It's very clear through the arguments of the oppositions and on appeal. But by really of relatively little interest at this point, since in your view at least, race judicata buys the individual claims and the derivative claims insofar as they're presented here have been waived. Exactly, Your Honor. If we accept those assessments, we don't have to go any further. I think that is true. I would like to make one clarification, which is that the argument that has been presented in the appellate brief about specifically the breach of fiduciary duty claim styles it as it makes new allegations that weren't pledged in the complaint. There's sort of an attempt to replead and reallege the breach of fiduciary duty as the actions of Mr. Moskow as a trustee. But in fact, the actual allegations of the actual complaint to which Ms. Taylor is held at this point, all are based on these allegations of money allegedly taken from Sternwood Properties, LLC and Coolidge Properties, LLC. So again, that would fail as an individual claim. It was not pled in that way as an individual claim. It was not pled as conduct from Mr. Moskow as trustee of these trusts. And in fact, no damages are claimed for the trusts themselves if you go through the allegations of the complaint. There's not an allegation that the trusts themselves. Again, that's only relevant if we disagree with you on the race judicata claim. Yes, Your Honor. If there are no further questions, I would be happy to rest on my brief and ask that you affirm the judgment of the lower court in dismissing these complaints. Thank you. Thank you.